IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY FILED
Feb 25 2022
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| ALADDIN FOOD MANAGEMENT SERVICES, LLC, | Civil Action No. _____ 5:22-CV-33 (Bailey) |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| ALADDIN'S EATERY SYSTEMS, INC., | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Aladdin Food Management Services, LLC ("Plaintiff") brings this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, for a declaratory judgment and other relief against Defendant Aladdin's Eatery Systems, Inc. ("Defendant"), and alleges as follows:

### PARTIES

1. Plaintiff is a West Virginia limited liability company with offices in Wheeling, West Virginia, doing business in West Virginia and this District, and with a principal place of business at 2400 Ansys Drive, Suite 404, Canonsburg, Pennsylvania 15317.

2. Upon information and belief, Defendant is an Ohio corporation having a principal place of business at 14518 Detroit Avenue, Lakewood, Ohio 44107.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

4. This Court may declare the rights and other legal relations of the parties in this case pursuant to 28 U.S.C. § 2201, W.Va. Code § 55-13-1, and Federal Rule of Civil Procedure

57, because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

5.  A justiciable controversy exists between the parties because Plaintiff is informed and believes that Defendant has claimed and intends to enforce service mark rights against Plaintiff.

6.  This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and W.Va. Code § 56-3-33.

7.  Defendant has alleged that it is authorized to do business anywhere in the U.S., which includes West Virginia and this District.

8.  Defendant has threatened Plaintiff's right to exercise Plaintiff's service mark rights in West Virginia and this District.

9.  Venue is proper in the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

10. Plaintiff is a contract food-service provider in the U.S., providing catered food-service solutions to a broad spectrum of clients, including colleges, universities, and independent schools, across the U.S. nation, including in West Virginia and this District. Plaintiff's primary website is located at the domain name <aladdincampusdining.com>.

11. Plaintiff provides, among other things, "restaurant management services for others, food service management services for others, business management services in the fields of restaurants, catering and food service; food service provider, namely cafeteria and catering services; providing restaurant and catering services to companies, dining communities and schools; contract food services, food preparation services" and "customer relationship

2

management; customer service management for others; business project management services; personnel management consultancy; business consulting, management, planning and supervision; advertising and business management consultancy; advice in the field of business management and marketing; none of the foregoing for use in the financial services industry" ("Plaintiff's Services").

12. Since at least as early as 1978, Plaintiff (together with Plaintiff's predecessors in right, title, and interest) has continuously offered Plaintiff's Services under the service mark ALADDIN in commerce in West Virginia and interstate commerce. Plaintiff's predecessor Aladdin Food Management Services, Inc. was incorporated in West Virginia effective June 14, 1978.

13. Plaintiff is the owner of common-law rights in the ALADDIN mark in connection with Plaintiff's Services. Since at least as early as 1978, the ALADDIN mark has been continuously and extensively used in West Virginia and interstate commerce by Plaintiff (together with Plaintiff's predecessors in right, title, and interest) in connection with marketing, offering, selling, and providing Plaintiff's Services. Plaintiff also prominently displays Plaintiff's ALADDIN mark at the top of its website located at the domain name <aladdincampusdining.com>, in addition to incorporating Plaintiff's ALADDIN mark in the top-level domain name itself. A print-out of Plaintiff's website advertising and describing Plaintiff's Services is attached hereto as Exhibit A.

14. In addition to being inherently distinctive, Plaintiff's ALADDIN mark has also acquired secondary meaning through Plaintiff's continuous and extensive use of the ALADDIN mark in connection with marketing, offering, selling, and providing Plaintiff's Services. As such, Plaintiff has built significant and valuable goodwill in its ALADDIN mark, and the

purchasing public recognizes and associates the ALADDIN mark with Plaintiff and Plaintiff's Services.

15. On September 17, 2018, Plaintiff filed U.S. Service Mark Application Serial No. 88/120,278 for the mark ALADDIN ("ALADDIN Application") under Section 1(b) of the Lanham Act (the "Act"), 15 U.S.C. § 1051(b), which Plaintiff's ALADDIN Application recites:

> customer relationship management; customer service management for others; business project management services; personnel management consultancy; business consulting, management, planning and supervision; advertising and business management consultancy; advice in the field of business management and marketing; none of the foregoing for use in the financial services industry

in International Class 35.

16. Plaintiff's ALADDIN Application for the ALADDIN mark was approved by the U.S. Patent and Trademark Office ("USPTO") for publication on September 3, 2020 and published in the *Trademark Official Gazette* on October 6, 2020. A copy of the *Trademark Official Gazette* Publication Confirmation for Plaintiff's ALADDIN Application is attached hereto as Exhibit B.

17. Upon information and belief, Defendant is a restaurant chain serving Lebanese-American cuisine. Upon information and belief, Defendant's website is located at the domain name <aladdins.com>. Print-outs of Defendant's home page and "About Us" tab is attached hereto as Exhibit C.

18. Defendant describes its services on its website at the domain name <aladdins.com> as follows:

> "At Aladdin's, we are dedicated to providing natural and freshly prepared foods. Our menu is free from sulfites and preservatives, and we use imported extra virgin olive oil in our homemade sauces and salad dressings. Our menu includes a wide variety of meals for every palate, with over 40 vegetarian dishes, 30 vegan dishes, 40 gluten-free dishes and 40 meat and chicken dishes (antibiotic-free).

We also offer a variety of smoothies, raw juices, natural herbal teas and a dessert cooler featuring cakes, cheesecakes, truffles and more. With all these options, there's truly something for everyone at Aladdin's! Sahtain!"

19. On April 3, 2019, Defendant filed U.S. Service Mark Application Serial Nos. 88/369,383 and 88/369,412 ("the '383 and '412 Applications") to register the marks ALADDIN'S and *Aladdin's*, respectively, pursuant to Section 1(a) of the Act, 15 U.S.C. § 1051(a), which the '383 and '412 Applications recite "restaurant franchising, namely, offering business management assistance in the establishment and/or operation of restaurants; franchising, namely, consultation and assistance in business management, organization, and promotion of restaurants" in International Class 35 ("Defendant's Class 35 Services") and "restaurant services; bar services; café services; catering services; take-out restaurant services" in International Class 43 (collectively, "the '383 and '412 Services").

20. On April 3, 2019, and April 10, 2019, Defendant filed U.S. Service Mark Application Serial Nos. 88/369,439 and 88/379,875 ("the '439 and '875 Applications"), respectively, to register the marks *Aladdin's* and *Aladdin's*, respectively, pursuant to Section 1(a) of the Act, 15 U.S.C. § 1051(a), which the '439 and '875 Applications recite Defendant's Class 35 Services and "restaurant services; bar services; café services; take-out restaurant services" in International Class 43 (collectively, "the '439 and '875 Services").

21. The '383, '412, and '439 Applications claim first use of the ALADDIN'S, *Aladdin's*, and *Aladdin's* marks, respectively, in U.S. commerce in connection with Defendant's Class 35 Services on September 10, 1996, and in connection with the respective services recited in International Class 43 on April 15, 1994.

22. The '875 Application claims first use of the [Aladdin's logo] mark in U.S. commerce in connection with the '439 and '875 Services on April 10, 2019.

23. The ALADDIN'S, [Aladdin's logo], [Aladdin's logo], and [Aladdin's logo] marks are collectively referred to herein as the "Defendant's ALADDIN'S Marks", and the '383, '412, '439, and '875 Applications are collectively referred to herein as "Defendant's Applications". Copies of the Defendant's Applications are attached hereto as Exhibit D.

24. Defendant is the owner of record of U.S. Service Mark Registration Nos. 3,390,659 and 3,413,910 ("the '659 and '910 Registrations") for the marks ALADDIN'S EATERY and [Aladdin's eatery logo] in connection with "restaurant services" in International Class 43, which the '659 and '910 Registrations claim first use of said marks in U.S. commerce in connection with "restaurant services" in International Class 43 on April 15, 1994.

25. Defendant is the owner of record of U.S. Service Mark Registration Nos. 3,553,354 and 3,553,355 ("the '354 and '355 Registrations") for the marks [Aladdin's eatery logo] and [Aladdin's eatery logo] in connection with "restaurant franchising; franchising, namely, consultation and assistance in management, organization, and promotion of restaurants" in International Class 35 and "restaurant services" in International Class 43.

26. The '354 Registration claims first use of the [Aladdin's eatery logo] mark in U.S. commerce in connection with the respective services recited in International Class 35 on September 10, 1996, and in connection with the respective services recited in International Class 43 on April 15, 1994.

27. The '355 Registration claims first use of the  mark in U.S. commerce in connection with the respective services recited in International Class 35 on July 7, 2003, and in connection with the respective services recited in International Class 43 on May 15, 2003.

28. The ALADDIN'S EATERY, , marks are collectively referred to herein as the "Defendant's ALADDIN'S EATERY Marks" and, together with Defendant's ALADDIN'S Marks, collectively, "Defendant's Marks"), and the '659, '910, '354, and '355 Registrations are collectively referred to herein as "Defendant's Registrations". Copies of the Defendant's Registrations are attached hereto as Exhibit E.

29. Each of Defendant's Applications and Defendant's Registrations claim dates of first use in U.S. commerce well after Plaintiff's date of first use of its ALADDIN mark in U.S. commerce.

30. The USPTO did not cite any of Defendant's Marks against Plaintiff's ALADDIN Application during the prosecution thereof.

31. On March 29, 2021, Defendant instituted Opposition Proceeding No. 91268409—now consolidated with Opposition Proceeding No. 91252736—against Plaintiff's ALADDIN Application (the "Opposition") on the grounds that Defendant believes that Plaintiff's ALADDIN mark is confusingly similar to Defendant's Marks so "as to be likely, **when applied to the services** listed by [Plaintiff], to cause confusion, or to cause mistake, or to deceive" as to the source of Plaintiff's Services. *See* Notice of Opposition, Opposition No. 91268409, attached hereto as Exhibit F (emphasis added).

32. Plaintiff has valid and enforceable service mark rights in Plaintiff's ALADDIN mark, which rights predate any alleged service mark rights of Defendant in Defendant's Marks.

33. In the Opposition of Plaintiff's ALADDIN Application, Defendant threatens Plaintiff's business, including in West Virginia and this District, by challenging Plaintiff's right to register and use Plaintiff's long-standing ALADDIN mark in connection with Plaintiff's Services. In particular, Defendant alleges that Defendant "is being and will continue to be damaged by [Plaintiff's] mark **ALADDIN**".

34. Defendant, through its counsel, "warned [Plaintiff and its counsel] in advance that [Defendant] ferociously protects its marks." (*See*, e.g., February 12, 2020 email correspondences between Henry Ward (i.e., Plaintiff's counsel) and Edward T. Saadi (i.e., Defendant's counsel), attached hereto as Exhibit G).

35. Upon information and belief, Defendant does not operate any restaurants in West Virginia or this District.

36. Plaintiff owns superior service mark rights in the ALADDIN mark as compared to Defendant's purported service mark rights in the Defendant's Marks by virtue of Plaintiff's prior use of the ALADDIN'S mark in U.S. commerce and in West Virginia and this District. Accordingly, upon information and belief, Plaintiff has not violated any of Defendant's purported service mark rights and is not liable to Defendant for service mark infringement, or any other federal, state or common law causes of action, in law or in equity, in West Virginia and this District.

37. Upon information and belief, Plaintiff's use of Plaintiff's ALADDIN mark has not caused, nor will it cause, damage to Defendant by, *inter alia*, harming Defendant's sales, goodwill, and reputation.

38. There is an actual and substantial controversy between Plaintiff and Defendant of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

## CLAIM FOR RELIEF:  DECLARATORY JUDGMENT

39. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

40. This is an action for declaratory judgment under 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties.

41. There is a real, substantial, and justifiable issue in controversy between the parties regarding Defendant's purported service mark rights and Plaintiff's rights to continue using Plaintiff's ALADDIN mark.

42. Plaintiff is entitled to a judgment declaring that it has prior, valid and enforceable service mark rights in Plaintiff's ALADDIN mark in the State of West Virginia; that Plaintiff's service mark rights in the ALADDIN mark are senior to the service mark rights of Defendant in Defendant's Marks; that Plaintiff has not violated any purported service mark rights of Defendant in West Virginia under any federal, state, or common law; and that Plaintiff is not liable to Defendant for any claims in West Virginia, including any claim of service mark infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays the Court to enter a judgment:

A. Declaring that by virtue of Plaintiff's superior service mark rights in Plaintiff's ALADDIN mark in West Virginia, Plaintiff has not infringed or otherwise violated any purported rights of Defendant in West Virginia, including any provisions of the Act (including 15 U.S.C. §§ 1114 and 1125) or any other asserted federal, state, or common laws; and

B. Granting Plaintiff its costs and awarding Plaintiff its reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 25, 2022

Respectfully submitted,

/s/ Joseph G. Nogay
Joseph G. Nogay (WV Bar No. 2743)
Sellitti, Nogay and Nogay
PO Box 3095
Weirton, WV 26062
Tel.: 304.723.1400
Email: jgn-snmlaw@comcast.net

/s/ Joseph Evan Nogay
Joseph Evan Nogay (WV Bar No. 13444)
Rebeca Harasimowicz (*pro hac vice* pending)
Moore & VanAllen, PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Tel.: 704.331.1000
Email: evannogay@mvalaw.com
   beckyharasimowicz@mvalaw.com

*Attorneys for Plaintiff Aladdin Food Management Services, LLC*